**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deion Anthony, | No. CV-22-00268-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Rise Services Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Deion Anthony's ("Plaintiff") Motion for Conditional FLSA Certification and to Authorize Notice to Similarly Situated Persons under 29 U.S.C. § 216(b) and for Expedited Discovery (Doc. 18). The Motion is granted in part and denied in part.

## BACKGROUND

Defendant Rise Services Inc., ("Rise", whether it be the Utah corporation by that name, the Arizona corporation by that name, or both), provides residential and other services to people with intellectual and developmental disabilities in its facilities throughout Arizona. Its Arizona locations in addition to Phoenix include: Chinle, Kingman, Lake Havasu City, Mesa, Queen Creek, Sierra Vista, Surprise, Tucson, and Yuma.

Plaintiff was hired by Rise as a non-exempt Direct Support Professional ("DSP") whose hourly rate throughout the relevant period ranged from $12.25 per hour to $13.50

per hour. In addition, Plaintiff alleges he was compensated at a hazard rate of pay of $20.25 per hour when he provided services to a client who had tested positive for COVID-19. He also alleges he was paid time and a half his hourly rate for holidays and was also entitled to non-discretionary bonuses. Plaintiff finally alleges that he and other DSPs were required to receive mandatory training for which they were to be paid by Rise. In his complaint, he alleges that Rise routinely and consistently failed to pay the DSPs all the compensation they were due. He alleges that he and other DSPs could not complete their mandatory training during their regularly scheduled shifts and were required to complete it off the clock for which they were never paid. He also alleges that Rise failed to pay hazard pay due to its employees and failed to pay required employee overtime when DSPs worked more than forty hours in a week. He further alleges that when Rise did pay overtime, it often paid it at standard rates, even when an employee was entitled to have his overtime calculated at the holiday or hazard rate of pay. He and opt-in Plaintiff Fischkelta allege based on conversations that they had with other Rise employees that other Rise employees were subject to the same company compensation policies. Opt-in Plaintiff Sanchez also asserts that she was subjected to the same compensation practices.

## DISCUSSION

**I.     Conditional Certification.**

An employee may bring an FLSA collective action on behalf of himself and other "similarly situated" employees. 29 U.S.C. § 216(b). Neither the statute nor the Ninth Circuit has defined the phrase "similarly situated." *Id.* District courts within the Ninth Circuit "generally follow the two-tiered or two-step approach for making a collective action determination." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). Under this approach, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). At this step, the burden is on the plaintiff to establish that he is similarly situated to the rest of the proposed class, but the standard "require[s] nothing more than substantial allegations that the putative class members were together the victims

of a single decision, policy, or plan." *Id.* (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). The requirement is a "lenient" burden, which may be satisfied through affidavits and the complaint alone. *Goudie v. Cable Commc'ns, Inc.*, No. 08-CV-507-AC, 2008 WL 4628394, at *3-4 (D. Or. Oct. 14, 2008).

"To proceed to the notification stage of the litigation, Plaintiffs' allegations need . . . . only show that there is some 'factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice.'" *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, No. 08-083-PHX-MHM, 2009 WL 3241790, at *3 (D. Ariz. Sept. 30, 2009) (quoting *Bonila v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1138 n.6 (D. Nev. 1999)). Plaintiff must show that he and the "prospective opt-in plaintiffs" are similarly situated "with respect to their job requirements and with regard to their pay provisions." *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2009 WL 2046048, at *4 (D. Ariz. Jan. 22, 2009). Plaintiff need not "provide evidence that every facility relevant to the proposed class maintains an illegal policy"—he is "not asking the court to infer a finding of liability at all of [Defendant's] facilities." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537 (N.D. Cal. 2007). Moreover, "in making a determination in whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action." *Colson*, 687 F. Supp. 2d at 926.

Plaintiff seeks that notice be provided in all of Rise's statewide locations to those who hold the same job duties as him. He has adequately alleged that all such employees are subject to the same leadership at the statewide level; all have been issued the same employee manuals; all are bound by the same written employee, training and compensation policies; and all are subject to off-the-clock work due to the training requirements that remain uncompensated. He also submits a virtually identical job advertisement for the same DSP position in either existing or potential Rise facilities in Bullhead City, Bisbee, Douglas, Kingman, Lake Havasu City, Sierra Vista, Thatcher, Tucson, and Yuma, as well as metropolitan Phoenix facilities. He alleges that these job advertisements demonstrate

similar job requirements and policies at each location. They further indicate that all DSPs statewide are to be paid for training.

For purposes of conditional certification only, Rise concedes that Plaintiff has made a case for providing notice, but only to the DSPs employed by Rise in the Phoenix Metropolitan area. Because no other Plaintiff or employee identified as suffering a common claim comes from outside that area, and because other areas throughout the state are subject to different regional leadership, it opposes the conditional certification of a statewide class of DSPs. Yet, at this stage, the similar employment position, similar statewide leadership, and same statewide employment policies are sufficient for this Court to determine that those holding similar statewide positions are sufficiently similar to Plaintiff to receive notice of his claim.

There remains, however, a further dispute about what claims should be subject to notice. In his Reply, Plaintiff either drops some of his initial claims or, in any event, clarifies that he only seeks "one claim for unpaid overtime, which involves the requirement that the DSPs complete training off the clock to avoid interfering with their caregiving duties at the Rise facilities where they are expected to work nonstop with patients." (Doc. 29 at 2.) In light of this concession, this will be the claim to be noticed to other Rise DSPs understanding, of course, that in such cases the amount of overtime needs to be appropriately calculated and could conceivably result in a violation of minimum wage laws...

At this notice stage, and in light of Plaintiff's allegations of willful violation, a three-year statute of limitations shall apply. *Acosta v. TBG Logistics LLC*, No. CV-16-02916-PHX-ROS, 2018 WL 3145938, at *2 (D. Ariz. June 27, 2018). Should Plaintiff fail to establish a willful violation, the conditional certification can be altered through decertification or at summary judgment. *Smith v. Akal Sec. Inc.*, No. CV-18-01117-PHX-SMB, 2019 WL 1932117, at *2 (D. Ariz. May 1, 2019); *Vega v. All My Sons Bus. Dev. LLC*, CV-20-00284-TUC-RCC, 2022 WL 294216, at *3 (D. Ariz. Feb. 1, 2022). The notice shall, therefore, provide for the possibility of viable claims back to February 18,

2019.

## II. Notice

Plaintiff requests that this notice be distributed by first class mail, email, and text message, and those individuals interested in participating be given sixty days from distribution to return their consents to Plaintiff's counsel. Finally, Plaintiff requests a fourteen-day discovery deadline for Rise to produce the names, last known addresses, email address, and cell phone numbers of all current and former security officers employed with Rise from February 18, 2019 to the present.

The Court finds the text of the notice attached to the Reply to be unobjectionable once the phrase "This is not a solicitation from a lawyer" is deleted. It authorizes the notice to be sent by first class mail, email, and text message. Defendants will be required to provide last known addresses, email addresses, and cell phone numbers for their current and past DSPs whose employment falls within the notice period within fourteen days of the date of this Order.

**IT IS THEREFORE ORDERED** as follows**:**

1. Plaintiff's Motion for Conditional FLSA Certification and to Authorize Notice to Similarly Situated Persons under 29 U.S.C. § 216(b) and for Expedited Discovery (Doc. 18) is **GRANTED** in part and **DENIED** in part as stated in this Order.

2. The Court **ORDERS** conditional certification of the class of Rise's Direct Support Professionals employed in Arizona since February 18, 2019 who claim that they are owed unpaid minimum wage and overtime pay under the FLSA because Rise allegedly required Direct Support Professionals to routinely perform certain activities off-the -clock without pay, including the completion of mandatory training.

3. The Court **APPROVES** the proposed Notice attached to Plaintiff's Reply (Doc. 29-1) once the phrase at the top which states "This is not a solicitation from a lawyer" is deleted. The Court further authorizes the Consent to Opt-

In Form (Doc. 18-2) attached as Exhibit 2 to Plaintiff's Motion

4. The Court **AUTHORIZES** Plaintiff to mail and email the proposed Notice to Rise's DSPs statewide. It also authorizes Plaintiff to send a text message regarding the Notice to the individual prospective Plaintiffs.

5. The Court further **ORDERS** that Defendants shall provide to Plaintiff, within 14 days of the date this Order is electronically filed, the names, mailing addresses, email addresses, and cell phone numbers of all current and former DSPs who worked for Rise in Arizona from February 18, 2019 through the date the information is provided.

Dated this 2nd day of August, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge