WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deion Anthony,<br><br>            Plaintiff,<br><br>v.<br><br>Rise Services Incorporated, et al.,<br><br>           Defendants. | No. CV-22-00268-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Rule 23 Class Action Certification (Doc. 257). For the reasons detailed below, Plaintiff's Motion is granted.

## BACKGROUND

Rise Services Incorporated ("Defendant" or "Rise") is a Utah corporation that provides services to people with development and intellectual disabilities. (Doc. 261-1 at 7). Services are provided in one of four environments: group homes, day programs, employment training, and one-on-one in-home care. (*Id.*). These services are provided by Direct Service Professionals ("DSPs"), sometimes referred to as Direct Support Professionals. (Doc. 261 at 3; Doc. 261-1 at 4). Rise operates in multiple states, but primarily in various Arizona communities: Yuma, Bullhead City, Kingman, Lake Havasu, Surprise, Litchfield Park, Glendale, Mesa, Queen Creek, San Tan Valley, Thatcher, Douglas, Bisbee, Sierra Vista, Tucson, and the Navajo Nation. (Doc. 261-1 at 9–10). Rise employs about 1300 total DSPs across its operations. (*Id.* at 10–11).

During the COVID-19 pandemic, Rise implemented a temporary hazard pay policy for DSPs working in "hazardous" environments. (Doc. 257-1 at 4). Retroactive to March 11, 2020, this policy would pay DSPs time and a half for working in environments where there would be direct contact with clients who tested positive for COVID-19. (*Id.*).

Defendant employed Deion Anthony ("Plaintiff") as a DSP by Defendant from September 2, 2021, until January 23, 2022. (*Id.* at 9). Plaintiff alleges that while employed by Defendant he never received hazard pay, despite being entitled to it. (Doc. 37 at 2). Plaintiff further alleges that he was denied pay for training he was required to complete off-the-clock. (*Id.*). Importantly, Plaintiff alleges that Defendant routinely and consistently failed to pay all DSPs the compensation they earned. (*Id.*).

Premised on these allegations, Plaintiff filed Complaint alleging liability against Defendant on Fair Labor Standard Act ("FLSA") and Arizona Wage Act claims. (Doc. 1 at 18–27). On August 8, 2022, this Court granted Conditional FLSA class certification for Plaintiff's claims. (Doc. 37). On December 23, 2022, Plaintiff filed a Motion for Rule 23 Class Action Certification as to his Arizona Wage Act claims. (Doc. 257). Plaintiff moves for certification "pursuant to Rule 23(b)(2) and/or (b)(3)" of the Federal Rules of Civil Procedure. (Doc. 257 at 2).

## DISCUSSION

### I. Legal Standard

Rule 23 is the mechanism by which plaintiffs may certify class actions. Fed. R. Civ. P 23. Plaintiffs seeking class certification must satisfy four prerequisites: numerosity, commonality, typicality, and adequacy. *Id.* at 23(a). Additionally, plaintiffs must demonstrate their claims qualify under one of three types of class actions. *Id.* at 23(b)(2), 23(b)(3). Rule 23(b)(2) certifies classes for seeking "final injunctive relief or corresponding declaratory relief." *Id.* at 23(b)(2). Rule 23(b)(3) certifies classes when "questions of law or fact common to class members predominate over any questions affecting only individual members" and a class action is the most fair and efficient tool. *Id.* at 23(b)(3).

The party seeking class certification bears the burden of showing these elements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). Courts engage in "a rigorous analysis" when considering certifying a class. *Id.* at 350. This analysis will, at times, overlap with the merits of the plaintiff's case: i.e., the facts that the plaintiff alleges must also qualify for class certification. *Id.* at 351.

## II. Discussion

To certify Plaintiff's class, he must first show he meets the four prerequisites under Rule 23(a). If met, then Plaintiff must show qualification under Rule 23(b).

### A. Prerequisites

#### 1. Numerosity

Numerosity requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "A proposed class generally satisfies the numerosity requirement if the class has 40 or more members." *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 364–65 (D. Ariz. 2009). Defendant does not challenge Plaintiff's assertion of numerosity. Plaintiff claims that, since 2019, Defendant has employed over 3,200 DSPs. (Doc. 257 at 11). Accordingly, Plaintiff has satisfied Rule 23's numerosity requirement.

#### 2. Commonality

Plaintiff claims, and Defendant contests, that the commonality requirement is met. To satisfy commonality, class members' claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350.

Plaintiff has sufficiently alleged various legal and factual issues common across similarly situated putative class members. (Doc. 262 at 4). Plaintiff identifies that DSPs were all subject to the same scheduling and timekeeping systems, the same compensation and hazard pay policies, and the same requirement for off-the-clock training. (*Id.*). While putative class members may have worked under different supervisors, Plaintiff specifically

alleges Defendant's supervisors all applied the same rules, policies, and demands to their subordinates. (*Id.*). These are all common contentions that are central to each putative member's claim. Accordingly, Plaintiff has satisfied the commonality requirement.

### 3. Typicality

Defendant also challenges Plaintiff's assertion of typicality. Typicality exists where "the claims or defenses of the representative parties are typical of the claims and defenses of class." Fed. R. Civ. P. Rule 23(a)(3). Typicality does not require identical claims; reasonably co-extensive claims are sufficient. *Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2023 WL 1966915, at *3 (D. Ariz. Feb. 13, 2023); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The concern with typicality is that the class representative "aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (citing *Schwartz v. Harp*, 108 F.R. D. 279, 282 (C.D. Cal. 1985)).

Plaintiff has successfully alleged typicality. While the injury affecting individual plaintiffs may differ by degree based on length and nature of employment with Defendant, Plaintiff has alleged injuries typical to the putative class—namely non-payment for hazardous work and non-payment for off-the-clock training. Accordingly, typicality has been shown.

### 4. Adequacy

Finally, Plaintiff has shown adequacy, which Defendant does not challenge. Adequacy is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff's claim that he can adequately represent the interests of the putative class is unchallenged. Accordingly, Plaintiff has sufficiently shown adequacy.

Because Plaintiff has satisfied the pre-requisites under Rule 23(a), the Court must

consider whether Plaintiff qualifies under Rule 23(b).

### B. Rule 23(b)

Plaintiff alleges the Arizona Wage Act claims should be certified under Rule 23(b)(2) or (3).

#### 1. 23(b)(3)

Rule 23(b)(3) allows for class certification where the particular "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). To qualify under this rule, a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* Because Plaintiff can show both predomination and superiority, class certification is appropriate.

##### a. Predomination

The predominance requirement under Rule 23(b)(3) is "designed to determine whether a class action [i]s far more efficient thereby promoting judicial economy." *Brink v. First Credit Res.*, 185 F.R.D. 567, 572 (D. Ariz. 1999) (citing *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1232 (9th Cir. 1996)). The predominating questions of law can include a defendant's anticipated defense. *See In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 166–67 (2d Cir. 1987) (holding class certification under 23(b)(3) was appropriate because defendant's defense was common to all of parties' claims). When a question of law is so central to a case that it predominates, factual differences for the purpose of calculating individual damages does not prevent class certification. *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) (holding that differences in damages calculation cannot, by itself, prevent class certification under 23(b)(3)); *Brink*, 185 F.R.D. at 572.

Plaintiff successfully shows that common questions predominate in this matter. Plaintiff has detailed that putative class members were all allegedly subject to the same injurious practices of Defendant, namely that Defendant refused to properly compensate employees for training time and hazard pay. Defendant's assertion that each putative class

- 5 -

member will have different amounts of damages is not enough to defeat predominance. Finally, the entire claim will crumble beneath the putative class if Defendant can show compliance with the Arizona Wage Act. Because the central question in this claim is whether Defendant complied with the Arizona Wage Act when paying its Arizona employees, predominance is met.

### b. Superiority

Class certification under 23(b)(3) requires more than just predominance; it requires a showing that a class action is the superior method of adjudication. The question of superiority is about determining whether class adjudication is the most efficient, effective, and economic approach for the Court. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010). In making this determination, courts consider four factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(1)–(4).

Consideration of the above factors indicates that a class action is the most efficient method of adjudicating this matter. Adjudication as a class would preserve judicial resources by allowing central questions pertaining to the entire class to be adjudicated in one event, avoiding the costs associated with numerous individual trials. Additionally, not all putative class members may be able to justify the expense of an individual trial. As such, a class action may be the only reasonable opportunity for certain class members exercise their right to bring an action. Finally, Defendant's challenge to superiority is also premised on the individual question of damages, which insufficient on its own to prevent

class certification under 23(b)(3).

Because Plaintiff has shown predomination and superiority under 23(b)(3), class certification is granted.

### 2. 23(b)(2)

Rule 23(b)(2) allows for class certification where the entire class is seeking final injunctive or declaratory relief. Fed. R. Civ. P. 23(b)(2). Because Plaintiff has satisfied requirements for class certification under 23(b)(3), consideration of 23(b)(2) is not required.

### CONCLUSION

Accordingly,

It is therefore ordered that Plaintiff's Motion for Rule 23 Class Action Certification (Doc. 257) is **GRANTED**.

Dated this 20th day of December, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge