IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deion Anthony,<br><br>  Plaintiff,<br><br>v.<br><br>Rise Services Incorporated, et al.,<br><br>  Defendants. | No. CV-22-00268-PHX-GMS<br><br>**FINAL APPROVAL ORDER** |

 Plaintiff Deion Anthony, individually, and on behalf of the FLSA Opt-in Plaintiffs and approximately 4200 Rule 23 Class members and Rise1 (collectively, the "Parties") have entered into a Settlement Agreement to settle this Litigation, which the Court preliminarily approved on June 25, 2025 (Doc. 338). The Parties have filed a Joint Motion for Final Approval of the Proposed FLSA Collective Action and Rule 23 Class Action Settlement (collectively, "Motion for Final Approval"). The Settlement Agreement, the exhibits thereto, and the exhibits to the Motion for Final Approval, set forth the terms and conditions for a proposed Settlement and dismissal with prejudice of this Litigation.

 Having reviewed the Settlement Agreement and its exhibits, the Motion for Final Approval, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Final Approval should be GRANTED and that this Final Approval Order should be entered. Terms and phrases used in this Final Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. <u>For settlement purposes only</u>, the Court certifies the following Settlement Classes:

> **"Rule 23 Class Members"** includes current and former Direct Support Professionals who worked for Rise[1] in Arizona between February 18, 2019 and February 23, 2024 who did not opt out of this Lawsuit and whose names are set forth on an exhibit to the Settlement Agreement identifying then as Rule 23 Class Members.
>
> **"FLSA Opt-In Class Members"** means the current and former Direct Support Professionals who worked at Rise in Arizona from February 18, 2019 through August 29, 2022 who validly opted into this Lawsuit and who did not subsequently withdraw their opt-in form and whose names are set forth on an exhibit to the Settlement Agreement identifying them as FLSA Opt-In Class Members.

2. <u>For settlement purposes only</u>, the Court appoints the following attorneys to act as Settlement Class Counsel. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class:

> Ty Frankel
> Patricia Syverson
> Frankel Syverson PLLC
> 2375 E. Camelback Road, Suite 600
> Phoenix, Arizona 85016

3. <u>For settlement purposes only</u>, the Court appoints Plaintiff Anthony as representative of the Settlement Class.

4. The Court finds that notice to the Settlement Class was provided in accordance with the Court's Preliminary Approval Order. This notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted

---

[1] "Defendants" and "Rise" collectively refers to the following entities: Rise Services Inc. dba Rise Inc., an Arizona corporation; and Rise Inc., a Utah non-proft corporation, and their respective affiliates, subsidiaries, successors, assigns, executives, and owners.

the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

5. The Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class. The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving wage class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The consideration to be provided to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. All terms of the settlement and Settlement Agreement are approved by this Final Approval Order. The fact that this Final Approval Order specifically identifies or summarily recapitulates some, but not other, provisions of the Settlement Agreement does not modify any provision of the Settlement Agreement, nor does it elevate or demote any provision vis á vis any other provision, nor does it create an inference in that regard.

6. The Court has reviewed the Settlement Agreement in light of the factors set forth in Linney v. Cellular Alaska Partnership, 151 F.3d 1234, 1242 (9th Cir. 1998), and finds that the Settlement Agreement is fair, reasonable and adequate, and in the best interests of Plaintiff and the FLSA Opt-In Plaintiffs.

7. The Court also finds the requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement. The Rule 23 Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff are typical of the claims of the Settlement Class; the Plaintiff has, and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class, and will fairly and adequately protect the interests of

the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

8. All Settlement Class Members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising the objection and are foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or by any other means.

9. The Court orders that any member of the Settlement Class who has not submitted a timely, written request for exclusion from the Settlement Class (i.e., become an Opt-Out) as directed in the Preliminary Approval Order is bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release (as set forth in the Settlement Agreement).

10. The Parties, the Released Parties, and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Approval Order.

11. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

12. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation with prejudice as to all Defendants, without fees or costs, except as otherwise agreed to by the Parties in the Settlement Agreement and outlined in this Order.

13. By operation of this Final Approval Order, Released Parties are released and forever discharged from the Released Claims, as set forth in the Settlement Agreement.

14. Neither the Settlement Agreement, nor any of its provisions, nor any of the

documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Approval Order), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

15. The Court makes the following award to Named Plaintiff for his Individual Retaliation Claim: $65,000.00.

16. The Court makes the following award to Named Plaintiff as a Service Award: $10,000.00.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. The Court approves the Settlement Agreement for an Attorneys' Fee and Cost Award to Class Counsel in the amount of $485,000.00, representing Attorneys' Fees in the amount of $402,296.02 and Costs in the amount of $82,703.98.

19. Without affecting the finality of this Final Approval Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

20. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction

/ / /

/ / /

/ / /

to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment and terminate this case.

Dated this 15th day of August, 2025.

_____
G. Murray Snow
Senior United States District Judge